# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2026

Lyle W. Cayce
Clerk

No. 25-30629
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarmar Butler,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CR-123-1

_____

Before Haynes, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jarmar Butler pleaded guilty to possession of a firearm or ammunition by a convicted felon. The district court varied upwardly from the guidelines range and sentenced him to 92 months in prison.

Butler contends that the district court plainly erred by applying a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B) because the record

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidence did not establish that he possessed a semiautomatic firearm that is capable of accepting a large capacity magazine. Even if we assume for the sake of argument that Butler has shown clear or obvious error as to the application of § 2K2.1(a)(4)(B), he has failed to show a reasonable probability that, but for the error, his sentence would have been different. *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017). The district court explained why the 18 U.S.C. § 3553(a) factors led it to select the 92-month sentence and stated that it thought the sentence imposed was proper regardless of the guidelines calculation. *See id.* Because the record reflects that Butler's sentence was based on factors independent of the guidelines range, his substantial rights were not affected. *See id.*

Also, Butler asserts that his non-guidelines sentence was substantively unreasonable because the district court gave significant weight to improper factors in deciding that an upward variance was merited—his criminal history and his possession of a semiautomatic firearm that is capable of accepting a large capacity magazine. The record reflects that the district court reviewed the facts of the case, considered the aggravating and mitigating factors, made an individualized assessment, and found that a specific sentence was proper in light of the § 3553(a) factors. The district court properly determined that Butler's criminal history was underrepresented and that his prior criminal conduct and the relevant conduct in this case warranted an above-guidelines sentence. *See United States v. Fraga*, 704 F.3d 432, 441 (5th Cir. 2013); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The record does not support his contention that the district court varied based on the determination that he possessed a semiautomatic firearm that is capable of accepting a large capacity magazine. Under the totality of the circumstances, the degree of the variance was not so disproportionate so as to overcome the factors that supported its imposition. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

No. 25-30629

Butler has filed an opposed motion to file a supplemental brief to argue for the first time that, in applying an adjustment under § 2K2.1(b)(6)(B), the district court wrongly deferred to the guideline commentary. Generally, an argument that has not been raised in appellant's original brief is waived. *See United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005); *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005). Butler has failed to show extraordinary circumstances that would justify deviation from this rule. *See Ogle*, 415 F.3d at 383; *Pompa*, 434 F.3d at 806 n.4.

Accordingly, the judgment of the district court is AFFIRMED. The motion to file a supplemental brief is DENIED.